869 F.2d 1493
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William C. STEVENHAGEN, Plaintiff-appellant,
v.
Stanley I. BOLTZ, Defendant-appellee.
 No. 87-3806.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CHARLES W. JOINER, Senior District Judge*.
 PER CURIAM.
 
 
 1
 The plaintiff-appellant, William C. Stevenhagen (Stevenhagen), has appealed the decision of the district court granting summary judgment in favor of defendant-appellee, Stanley I. Boltz (Boltz) in this diversity action, charging that Boltz had breached his contract with Stevenhagen to provide certain "sewer tap-ins" to 14 tracts of land partially owned by Stevenhagen. The district court determined that there did not exist any genuine issues of material fact, and, accordingly, granted summary judgment against Stevenhagen.
 
 
 2
 A review of Stevenhagen's assignments of error, the briefs of the parties, the record in its entirety and the arguments of counsel demonstrated that the district court properly concluded that Stevenhagen's instant action was barred by the doctrine of res judicata. Stevenhagen had previously filed a lawsuit, which was identical to the case at bar, in the state court of Ohio. That case was fully adjudicated upon the merits of Stevenhagen's claim. The Ohio State Court of Appeals for the Ninth Circuit affirmed the lower court's determination, and thereafter, the Ohio Supreme Court denied Stevenhagen's petition for review. Consequently, Stevenhagen's instant action in federal court was precluded by res judicata as a result of the prior state court proceeding which had fully adjudicated Stevenhagen's claim.
 
 
 3
 Accordingly, the grant of summary judgment in favor of defendant-appellee is AFFIRMED for the reasons stated by District Judge Dowd in his order and opinion of July 20, 1987.
 
 WELLFORD, Circuit Judge, concurring:
 
 4
 While I harbor reservation as to the authority of a trial court sua sponte without notice to an affected party to issue a nunc pro tunc order expunging a prior dismissal after an appeal had been taken from a final judgment in the case, I believe the issues involved in such action were submitted to Ohio appellate courts for their review and decision. Although noting that an "entry nunc pro tunc ... cannot be used to record an order that the court might have made or intended to make but did not, ..." the Ohio appellate court determined that the Ohio trial court "found the settlement agreement to be valid ... and ... the nunc pro tunc order does not change or modify the resulting order." The Supreme Court of Ohio denied a further hearing of the case.
 
 
 5
 It may be that Stevenhagen's counsel's apparent intentional failure to appear at a subsequent hearing before the Ohio court may have contributed to the problems faced by his client. The Ohio courts, in any event, considered the contentions involved of both substantive and procedural questions. We cannot "second guess" what has become the final adjudication on the merits of the controversy in Ohio courts despite my reservation set out above. I therefore concur in the affirmance of Judge Dowd's opinion.
 
 
 
 *
 Hon. Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation